1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   GLASSYBABY, LLC, a Washington
    limited liability company,                    No. 2:11-cv-00380

10
                            Plaintiff,            COMPLAINT FOR INJUNCTIVE
11                                                RELIEF AND DAMAGES

12          v.

13  PROVIDE GIFTS, INC. d/b/a RED                 **JURY TRIAL DEMANDED**
    ENVELOPE., a California corporation, and
14  NORTHERN LIGHTS ENTERPRISES,
    INC., a New York corporation,

15                          Defendants.

16

17          Plaintiff, for its complaint against the defendants, hereby alleges as follows:

18                                    **THE PARTIES**

19          1.      Plaintiff Glassybaby, LLC is a limited liability company organized under

20  the laws of the state of Washington, with its principal place of business in Seattle, King

21  County, Washington.  Glassybaby is a maker and distributor of fine, distinctive, hand-

22  blown glass containers used as, among other things, votive candle holders.

23          2.      On information and belief, defendant Provide Gifts, Inc. d/b/a Red

24  Envelope ("Red Envelope") is a corporation organized under the laws of the state of

25  Delaware with its principle place of business in San Diego, California.

26

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3.     On information and belief, defendant Northern Lights Enterprises, Inc. d/b/a Northern Lights Candles ("Northern Lights") is a corporation organized under the laws of the state of New York, with its principal place of business in Wellsville, New York.

<div align="center"><strong>JURISDICTION AND VENUE</strong></div>

4.     This Court has personal jurisdiction over defendant Red Envelope because, among other reasons, on information and belief, Red Envelope markets and distributes its goods—including goods that give rise to the claims asserted this action—to consumers in the state of Washington.  On information and belief, Red Envelope purposely avails itself of the privileges of doing business in the state of Washington by, among other things, distributing printed catalogs to customers in Washington and taking online orders and payments from Washington residents via its website.  Moreover, Red Envelope's actions are causing harm in the state of Washington.

5.     This Court has personal jurisdiction over defendant Northern Lights because, among other reasons, on information and belief, Northern Lights markets and distributes its goods—including goods that give rise to the claims asserted this action—to consumers in the state of Washington.  On information and belief, Northern Lights purposely avails itself of the privileges of doing business in the state of Washington by, among other things, distributing printed catalogs to customers in Washington and taking online orders and payments from Washington residents via its website.  Moreover, Northern Lights' actions are causing harm in the state of Washington.

6.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331, because one or more of the claims at issue arises under federal law—specifically, 15 U.S.C. §§ 1125(a) and (c).

7.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims at issue in this action because they are so related to the federal law

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 2

1   claims as to form part of the same case or controversy—*i.e.*, they arise out of a common

2   nucleus of operative facts. Moreover, subject matter jurisdiction over the state law claims

3   exists under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value

4   of $75,000, exclusive of interest and costs, and involves citizens of different states.

5          8.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because, on

6   information and belief, the defendants reside in this District (*i.e.*, are subject to personal

7   jurisdiction here), and because a substantial part of the events giving rise to the claims

8   occurred here.

9                                    **FACTS**

10         9.     The concept for Glassybaby was conceived in 1998 as its founder, Lee

11  Rhodes, was struggling to survive a rare form of lung cancer. Over the next few years,

12  Rhodes learned to blow glass and began selling her hand-made creations to others. After

13  seeing the strong, positive responses that others had to her product, she founded

14  Glassybaby and hired other glassblowers to help increase production and spread

15  Glassybaby to a broader market.

16         10.    In 2003, Glassybaby opened its first retail store. Today, the Madrona

17  neighborhood of Seattle is home to the company's main store and studio, where a team of

18  dedicated glassblowers produces an average of 200 Glassybaby daily. The company also

19  has stores in Seattle's University Village; in Bellevue, Washington; and in New York

20  City's West Village neighborhood at 555 Hudson St.

21         11.    The distinctive design of Glassybaby hand-blown glass containers

22  constitutes a famous trademark that serves to distinguish Glassybaby from glass votive

23  holders made by other manufacturers. The fame and distinctiveness of this trademark

24  among the consuming public has been established by widespread coverage in print and

25  television journalism, extensive marketing and promotion, and appearances on national

26  broadcast television and radio programs.

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 3

12.     Among the consuming public, the unique and distinctive design of Glassybaby glass containers has become recognizable as a mark of high-quality, exclusive, handmade glass.  Moreover, because a portion of Glassybaby's revenue is donated to charitable organizations, members of the consuming public can be confident that by purchasing a genuine Glassybaby, not only are they acquiring a beautiful, handmade piece of glass, they are also providing financial assistance to worthy causes.

13.     On information and belief, defendant Northern Lights is importing, marketing, and selling products referred as "Jeweltone votive holders," which are confusingly similar in appearance to Glassybaby's distinctive, protected design.  On information and belief, these products are imported by Northern Lights from one or more manufacturers in China.

14.     On information and belief, Northern Lights sells these confusingly similar "Jeweltone votive holders" to Red Envelope and other possibly other consumers via its company catalogs and website.  Northern Lights' marketing and sale of these products to Red Envelope and other members of the public has the potential to mislead or confuse consumers regarding the source, sponsorship, or affiliation of these products—i.e., to mislead customers into believing they are purchasing genuine Glassybaby.

15.     On information and belief, defendant Red Envelope resells Northern Lights' products through the Red Envelope catalog and website, referring to them as "jewel tea light holders."  Red Envelope's marketing and sale of these products to the public has the potential to mislead or confuse consumers regarding the source, sponsorship, or affiliation of these products—i.e., to mislead customers into believing they are purchasing genuine Glassybaby.

16.     As a result of Northern Lights' and Red Envelope's actions, there is a likelihood that consumers are being or will be confused or misled into believing they are purchasing an authentic Glassybaby when, in fact, they are purchasing a cheaply made

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 4

1   imitation that is imported by Northern Lights from China. Moreover, if their actions are

2   not enjoined, Defendants' actions are likely to diminish the ability of the Glassybaby

3   design to continue to distinguish genuine Glassybaby products from those made and sold

4   by others.

5       17.     Defendants' marketing and sale of these "Jeweltone votive holders" and/or

6   "jewel tea light holders" (collectively, "Imitation Products") is not authorized by

7   Glassybaby. Images of the Imitation Products taken from defendants' marketing materials

8   are attached hereto as Exhibit A (Northern Lights) and B (Red Envelope). These images

9   are merely illustrative of the Imitation Products; they are not intended to be a complete

10  collection of all infringing products or activities.

11      18.     After becoming aware of Defendants marketing and sale of the Imitation

12  Products, Glassybaby wrote to both Red Envelope and Northern Lights to ask that they

13  cease marketing and selling the Imitation Products because they violate Glassybaby's

14  rights in the distinctive Glassybaby design and constitute unfair competition, under both

15  federal and state law.

16      19.     Neither Red Envelope nor Northern Lights has complied with

17  Glassybaby's request. Rather, the Imitation Products remain available for sale through

18  Defendants' websites and catalogs and continue to cause actual or potential confusion

19  among the consuming public, as well as damage to Glassybaby's goodwill. Unless

20  Defendants are enjoined from continuing to market and sell the Imitation Products, their

21  actions will continue to dilute the distinctiveness of Glassybaby's famous mark and cause

22  irreparable damage to Glassybaby.

23                          **COUNT I:**
                  **Infringement – 15 U.S.C. § 1125(a)**
24

25      20.     Defendants' acts of importing, marketing, and/or selling the Imitation

26  Products violate the Lanham Act, 15 U.S.C. § 1125(a), by causing among the consuming

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 5

public a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of the Imitation Products with those of Glassybaby.

21. Defendants' importing, marketing, and/or selling the Imitation Products further violates 15 U.S.C. § 1125(a) by causing among the consuming public a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' Imitation Products by Glassybaby.

22. Defendants' acts of infringement in violation of 15 U.S.C. § 1125(a) have been willful and without regard for Glassybaby's rights. Unless enjoined, Defendants' actions will cause further and irreparable harm to Glassybaby.

**COUNT II:**
**<u>Dilution – 15 U.S.C. § 1125(c)</u>**

22. Defendants' actions of importing, marketing, and/or selling the Imitation Products impairs or is likely to impair the distinctiveness of the Glassybaby design and thereby diminish its capacity to distinguish Glassybaby's glass votive holders from those of its competitors.

23. Further, Defendants' actions of importing, marketing, and/or selling the Imitation Products is tarnishing or is likely to tarnish the reputation of Glassybaby because the Imitation Products are of inferior quality and artistry to genuine Glassybaby and do not directly support the charitable causes that Glassybaby is widely known and celebrated for supporting.

24. As a result of these actions, Defendants are causing dilution or likelihood of dilution of Glassybaby's famous design mark, in violation of the Lanham Act, 15 U.S.C. § 1125(c). Unless enjoined, Defendants' actions will cause further and irreparable harm to Glassybaby.

25. Defendants' acts of dilution in violation of 15 U.S.C. § 1125(c) have been willful and without regard for Glassybaby's rights. Specifically, Defendants' conduct

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   reflects their willful intent to trade on the famous Glassybaby mark and/or to harm the

2   reputation of the Glassybaby mark.

3                            **COUNT III:**

          **Trademark Dilution Under Washington Law RCW 19.77.160**

4

5          26.     By the actions described above, Defendants actions are in violation of

6   RCW 19.77.160. Defendants' importing, marketing, and selling the Imitation Products in

7   Washington has caused dilution of Glassybaby's distinctive and famous product design.

8   Unless enjoined, Defendants' actions, which reflect willful intent to trade on Glassybaby's

9   reputation and fame, will continue to cause dilution to Glassybaby's famous mark and

10   irreparable harm to Glassybaby's goodwill.

11                            **COUNT IV:**

             **Unfair Competition Under RCW 19.86.020**

12

13          27.     By the actions described above, Defendants have committed unfair or

14   deceptive acts in trade or commerce. These actions affect the public interest by, among

15   other things, causing or creating a likelihood of confusion regarding whether the Imitation

16   Products are genuine Glassbaby. These actions, and the resulting likelihood of confusion

17   and dilution of Glassybaby's mark, have proximately and in fact caused injury to

18   Glassybaby's business or property, and will continue to cause injury unless enjoined.

19          28.     Defendants have violated RCW 19.86.020 and are consequently liable to

20   Glassybaby for the injuries resulting therefrom.

21                          **PRAYER FOR RELIEF**

22         Glassybaby prays for entry of a judgment against Red Envelope and Northern

23   Lights that provides as follows:

24        a.     Enjoining Defendants from further importation, marketing, and sales of the

25   Imitation Products or any other products that are confusingly similar in appearance to

26

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 7

1   genuine Glassybaby glass votive holders, pursuant to 15 U.S.C. §§ 1116(a) and 1125(c)(5)

2   and RCW 19.77.160(1) and 19.86.090;

3       b.      Requiring Defendants to file with the Court and serve on Glassybaby an a

4   report in writing and under oath setting forth in detail the manner and form in which they

5   have complied with the foregoing injunction, pursuant to 15 U.S.C. § 1116(a);

6       c.      Awarding Glassybaby its actual damages, Defendants' profits, and the

7   costs of bringing this action, pursuant to 15 U.S.C. §§ 1117(a) and RCW 19.77.160(2) and

8   19.86.090;

9       d.      Trebling the award of Glassybaby's actual damages, pursuant to 15 U.S.C.

10  § 1117(a) and RCW 19.77.160(2) and 19.86.090;

11      e.      Awarding Glassybaby its reasonable attorney fees under 15 U.S.C.

12  § 1117(a) and RCW 19.77.160(2) and 19.86.090;

13      f.      Requiring Defendants, pursuant to 15 U.S.C. § 1118, to (i) destroy all

14  Imitation Products—and any marketing or promotional materials that depict images of or

15  contain offers to sell the Imitation Products—in their possession, custody, or control; and

16  (ii) remove any depictions of or references to the Imitation Products from printed or

17  online promotional or advertising materials in their possession, custody, or control; and

18      g.      Awarding Glassybaby such other relief as the Court deems just and

19  equitable.

20

21

22

23

24

25

26

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

2                        **JURY DEMAND**

3          Glassybaby demands trial by jury on all issues so triable.

4

5          Dated this 4th day of March, 2011.

6

7                              McNAUL EBEL NAWROT & HELGREN

8                   By:___/s/ David A. Linehan_____
                           Robert M. Sulkin, WSBA No. 15425
9                          David A. Linehan, WSBA No. 34281

10                         Attorneys for Plaintiff

11

12

13

14
2115-008 xb250601 3/4/11
15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES – Page 9

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816



# EXHIBIT A

# Northern Lights Candles™

FRAGRANCED    UNFRAGRANCED    WHAT'S NEW    ACCESSORIES    VIEW BASKET

## VOTIVE HOLDERS

Jeweltone votive holders have a rounded, oval shape with a heavy clear bottom and rich color above. Measure 2.75" diameter at the widest point x 3" height.

RETURN TO CATEGORY

### Jeweltone

Color, Fragrance, Style or Size

Sapphire

Quantity

1

Price $6.49

ADD TO BASKET

SUGGESTED ITEMS:




Basic Accessories - 12pc 6hr Tealight
$7.99



AromaZone - 12pc Sampler
$22.99



Nordica Fluted Candleholder - 2.62" x 2.5" Votive Holder
$4.99



Fluted Votive Cup - Amber
$4.99



| | | |
|---|---|---|
| Amethyst | Sapphire | Topaz |
| $6.49 | $6.49 | $6.49 |



CLEARANCE | GIFT CERTIFICATE | CONTACT US | ABOUT US | WHOLESALE | MAILING LIST

SEARCH    for Color, Fragrance or Size



*EXHIBIT B*

W Wikipedia   ⊕ Washington Secretar....   ⏚ Send a Text Message   🖶 Remember The Milk - ...   ☐ Shorten with bit.ly   ☐ Share on Posterous   »   ☐ Other bookmarks

🜨 jewel tea light holders from....   ×   ⊕

← → C ☐ gifts.redenvelope.com/gifts/jewel-tea-light-holders-30010408?viewpos=12#8-trackingpgroup=rf50

| christmas | occasion | for her | for him | jewelry | kids & baby | for the home | specials |

search   Keyword / Item #   **go**

gift guide   📧   reminders   catalog quick order

1.888.269.3274   24 Hours

Congratulations! Enter **"SAVE10"** during checkout and receive **10%** off of today's order.



## jewel tea light holders

$39.95

★★★★★
Be the first to write a review

👍 Like   📧 Be the first of your friends to like this.

roll over image to zoom in

### gift description:

Fabulous for year-round entertaining, our jewel-tone tea light holders cast a colorful glow anywhere you need it. Our set of three, hand-blown tea light holders come in a rounded, oval shape with a heavy clear bottom and rich color above.

• hand-blown glass
• colors: amethyst, sapphire and topaz
• 3 tea light candles included
• 3 ¼" high x 2 ¾" diameter

Item #30010408

add our signature gift box?   learn more

quantity   1   ⌄

earliest possible arrival date   Fri, December 10 2010

this gift includes a story card   Click here to read the story that makes your gift special.





please select   ⌄

ordering more than 10?   ⌄

**ADD TO CART ▶**

Select desired delivery date during checkout.

view other items available for delivery
Tomorrow        Sunday

You May Also Like:


deluxe baby keepsake kit
$59.95


jewel blossom vases
$39.95

**View All**