1

Hon. Marsha J. Pechman

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

GLASSYBABY, LLC, a Washington
limited liability company,

No. 2:11-cv-00380-MJP

11

Plaintiff,

PLAINTIFF'S OPPOSITION TO
DEFENDANT PROVIDE GIFTS,
INC.'S MOTION TO DISMISS

12

13

v.

14

PROVIDE GIFTS, INC. d/b/a RED
ENVELOPE, a California corporation, and
NORTHERN LIGHTS ENTERPRISES,
INC., a New York Corporation,

**Noted for consideration:
May 6, 2011**

15

16

Defendants.

17

## I. INTRODUCTION

18

19

    In its motion to dismiss, Defendant Provide Gifts, Inc., d/b/a Red Envelope ("Red

20

Envelope"), asks the Court to conclusively answer disputed questions of fact and rule that

21

Glassybaby LLC has no trademark rights—all based on little more than hearsay contained

22

in print-outs from a handful of websites.  Red Envelope's motion betrays a fundamental

23

misunderstanding of federal pleading standards.  Under the Federal Rules, Glassybaby,

24

LLC was required to do no more than to put defendants on notice of the nature of the

25

claims being asserted against them.  As was its burden, Glassybaby alleged plausible facts

26

that, if proven, would entitle it to relief under various state and federal laws.  Glassybaby

was not required *in its initial pleading* to identify and marshal evidence supporting every

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

element of its claims, as Red Envelope contends.  Glassybaby has evidence to support its claims, and Red Envelope will be able to test that evidence and offer competing evidence in discovery and at trial.  It may move for summary judgment if, after discovery, it believes Glassybaby's evidence is insufficient.  But a motion to dismiss is not a proper means of attacking the quality of Glassybaby's proof.  When analyzed under the proper pleading standard, Glassybaby's complaint states multiple claims for which relief can be granted.  Red Envelope's motion to dismiss must therefore be denied.

## II. STATEMENT OF FACTS

### A.    The Story of Glassybaby

Glassybaby is a maker and distributor of fine, distinctive, hand-blown glass containers used as, among other thing, votive candle holders.  The story of Glassybaby began when its founder, Lee Rhodes, was in the midst of a seven-year battle with a rare form of lung cancer.  What began as a search for a brief respite in the midst of countless surgeries and round upon round of chemotherapy slowly grew into a nationwide business, with retail outlets on both coasts, a thriving online presence, and a studio full of dedicated glassblowers who craft upwards of 200 Glassybaby a day.  However, despite the growth and success of Glassybaby, Rhodes has not forgotten her battle with cancer, which remains at the core of the business.  Thus, Glassybaby donates a substantial portion of its revenues to charitable causes through its Glassybaby Goodwill Program, including a number of organizations that help people who are in the middle of their own battles against cancer.

To date, the Glassybaby Goodwill Program has donated over half a million dollars to charitable organizations, a fact that has received considerable nationwide publicity.  Thus, when a consumer purchases a genuine Glassybaby, she knows that she is getting more than a distinctive, handmade glass votive holder.  The commitment to giving that is

PLAINTIFF'S OPPOSITION TO DEFENDANT
PROVIDE GIFTS' MOTION TO DISMISS
(2:11-cv-00380-MJP) – Page 2

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

at the core of Glassybaby insures consumers that their purchases are also supporting worthy causes and making peoples' lives better.

**B.     How a Glassybaby Is Made**

Each Glassybaby requires the work of four skilled glassblowers.  Using a combination of clear, translucent, and colored glasses that is cooled and reheated several times, these glassblowers create the distinctive colors that typify a Glassybaby.  After combining the various types of glass, the Glassybaby is blown out, molded, and blown out again, spun on a pole, and cut down to give it the distinctive shape that consumers associate with Glassybaby's high quality of workmanship and commitment to charitable giving.  The process is involved and time-consuming, but the results are well worth it.

**C.     The Imitation Products**

As alleged in Glassybaby's complaint, Defendant Northern Lights Enterprises, Inc., ("Northern Lights") imports and distributes, and Red Envelope sells at retail, glass votive holders that are confusingly similar to Glassybaby's distinctive votive holders ("Imitation Products").  Dkt. 1, ¶¶ 13-15.  Because of the early stage of these proceedings, Glassybaby has not yet had the opportunity to obtain the discovery that will further illuminate the nature of the Imitation Products, their manufacture, and their distribution by the defendants.  Nonetheless, the facts that Glassybaby expects to prove in support of its claim are clear and are clearly alleged in its complaint.  The Imitation Products have an appearance that is confusingly similar to the distinctive appearance of Glassybaby's products, but are not, in fact, genuine Glassybaby.  Instead, the Imitation Products are cheaply made knock-offs manufactured in China by a company that lacks Glassybaby's commitment to quality and to charitable giving.  Dkt. 1, ¶ 16.

**D.     Events Leading to These Proceedings**

As Glassybaby alleges in its complaint, when it became aware that the defendants were selling the Imitation Products, Glassybaby instructed the defendants by letter to

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

cease and desist.  Dkt. 1, ¶ 18.  Neither has done so, and the consumer confusion that has

resulted from these sales has and will continue to damage Glassybaby's goodwill and

dilute the distinctiveness of its famous mark.  *Id.*, ¶ 19.

E.      **Allegations of Glassybaby's Complaint**

Because of the defendants' failure to comply with Glassybaby's instruction to stop

distributing the Imitation Productions, Glassybaby was forced to file the instant complaint.

The complaint alleges all of the facts necessary to put defendants on notice of the claims

against them.

For example, paragraph 11 of the complaint describes the nature of the trademark

for which Glassybaby claims ownership:

> The distinctive design of Glassybaby hand-blown glass containers
> constitutes a famous trademark that serves to distinguish Glassybaby from
> glass votive holders made by other manufacturers.

Dkt. 1, ¶ 11.

Paragraph 12 of the complaint alleges that Glassybaby's mark has acquired the

necessary distinctiveness ("secondary meaning" in the parlance of trademark law) to

entitle it to protection against use by competitors:

> The fame and distinctiveness of this trademark among the consuming
> public has been established by widespread coverage in print and television
> journalism, extensive marketing and promotion, and appearances on
> national broadcast television and radio programs.

Dkt. 1, ¶ 11.  *See also id.*, ¶ 12 ("Among the consuming public, the unique and distinctive

design of Glassybaby glass containers has become recognizable as a mark of high-quality,

exclusive, handmade glass.").  Glassybaby's allegation of "widespread coverage in print

and television journalism, extensive marketing and promotion, and appearances on

PLAINTIFF'S OPPOSITION TO DEFENDANT
PROVIDE GIFTS' MOTION TO DISMISS
(2:11-cv-00380-MJP) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

national broadcast television and radio programs" also constitutes a sufficient allegation of fame to support a claim of trademark dilution.

Paragraphs 13 and 14 identify the infringing products and conduct of defendant Northern Lights, including its potential to confuse consumers:

> ...Northern Lights is importing, marketing, and selling products referred to as "Jeweltone votive holders," which are confusingly similar in appearance to Glassybaby's distinctive, protected design. . . .

> Northern Lights sells these confusingly similar "Jeweltone votive holders" to Red Envelope and possibly other consumers via its company catalogs and website . . . [which] has the potential to mislead or confuse consumers regarding the source, sponsorship, or affiliation of these products—i.e., to mislead customers into believing they are purchasing a genuine Glassybaby.

Dkt. 1, ¶ 13-14. *See also id.*, Ex. A.

Similarly, paragraph 15 identifies the infringing conduct of defendant Red Envelope and its potential to confuse consumers:

> Red Envelope resells Northern Lights' products through the Red Envelope catalog and website, referring to them as "jewel tea light holders," [which] has the potential to mislead or confuse consumers regarding the source, sponsorship, or affiliation of these products—i.e., to mislead customers into believing they are purchasing a genuine Glassybaby.

Dkt. 1, ¶ 15. *See also id.*, ¶ 16 and Ex. B.

Paragraph 16 of the Complaint Glassybaby's complaint alleges trademark dilution by blurring: "[I]f their actions are not enjoined, Defendants' actions are likely to diminish the ability of the Glassybaby design to continue to distinguish genuine Glassybaby

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

products from those made and sold by others." *Id.*, ¶ 16.  The complaint also alleges that defendants' conduct will result in dilution by tarnishment—*e.g.*, by their erroneous association with a product that is cheaply made by a company in China that does not support the charitable causes that Glassybaby purchases do.  *See id.*, ¶ 23.

Glassybaby' complaint also alleges damage to the company's goodwill resulting from actual or potential confusion with defendants' products and dilution of the distinctiveness of Glassybaby's famous mark.  *Id.*, ¶ 19.

Finally, paragraphs 18 and 19 of Glassybaby's complaint allege defendants' willful violation of Glassybaby's rights:

> . . . Glassybaby wrote to both Red Envelope and Northern Lights to ask that they cease marketing and selling the Imitation Products because they violate Glassybaby's rights in the distinctive Glassybaby design and constitute unfair competition, under both federal and state law.
>
> Neither Red Envelope nor Northern Lights has complied with Glassybaby's request.  Rather, the Imitation Products remain available for sale through Defendants' websites and catalogs . . . .

Dkt. 1, ¶¶ 18-19.  *See also id.*, ¶ 25 (alleging defendants' "willful intent to trade on the famous Glassybaby mark").

### III. ARGUMENT

**A.  Legal Standard for a Motion to Dismiss**

In order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "contains a powerful presumption against rejecting pleadings for failure to state a claim," and thus it "is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citations and alterations omitted).

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

To meet the Rule 8(a) standard, "**[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests.**" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original; emphasis added).  Furthermore, when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint, *Id.* at 94 (citing *Twombly*, 550 U.S. at 555-56), and all reasonable inferences must be drawn in favor of the plaintiff, *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

The Supreme Court has made it clear that *Twombly* and *Iqbal* do not impose a heightened pleading standard.  The Court stated in *Twombly* that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.  While the pleading standard set out in Rule 8(a) requires more than "a pleader's bare averment that he wants relief and is entitled to it," it is satisfied by a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 555 n.3 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1202 (3d ed. 2004)).

Under *Twombly* and *Iqbal*, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  This plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 556.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

The facts alleged in Glassybaby's complaint support such an expectation and satisfy the liberal pleading standard established in Rule 8(a).  Red Envelope's repeated insistence that Glassybaby must "demonstrate that the design acquired secondary meaning," Dkt. 17 at 7, and "present … evidence … demonstrating acquired distinctiveness," *id.* at 9, misconstrues the pleading standard and governing authority.  Glassybaby has *pleaded* facts plausibly suggesting it is entitled to relief under long-recognized causes of action.  The production of evidence demonstrating and supporting those factual allegations is the purview of pre-trial discovery, not a motion to dismiss.

**B.      Glassybaby's Complaint Alleges Facts that Satisfy the *Twombly* and *Iqbal* Plausibility Standard**

To state a claim for trademark infringement, Glassybaby must plead facts plausibly suggesting its ownership of a valid, protectable mark, and that defendants are using a mark that is confusingly similar.  *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).  Glassybaby has done so.

Glassybaby's complaint specifically alleges that it makes hand-blown glass containers, that the distinctive design of those containers distinguishes them from glass votive holders made by other manufacturers, and that the design constitutes a valid and protectable mark.  Dkt. 1, ¶ 11.  Glassybaby further alleges the fame and distinctiveness of its mark "has been established by widespread coverage in print and television journalism, extensive marketing and promotion, and appearances on national broadcast television and radio programs."  *Id.*  This distinctive design is associated by the consuming public with high-quality, exclusive, handmade glass, and with Glassybaby's well-known practice of donating a portion of its revenue to charitable organizations—a practice that, as publicized in the media coverage already described and like Glassybaby itself, grew out of founder Lee Rhodes' transformative battle with lung cancer.  *Id.* ¶ 12.  Further, Glassybaby's complaint identifies the products imported by Northern Lights and sold at retail by both Northern Lights and Red Envelope that infringe on its mark.  *See id.* ¶¶ 13-15 and Exs. A

PLAINTIFF'S OPPOSITION TO DEFENDANT
PROVIDE GIFTS' MOTION TO DISMISS
(2:11-cv-00380-MJP) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

and B attached thereto.  Additionally, the complaint alleges that the similarity of the

Imitation Products to Glassybaby is likely to cause confusion among consumers as to the

source of the Imitation Products, as well as dilute the distinctiveness of Glassybaby's

famous and identifiable design (by blurring and/or tarnishment).  *See id.*, ¶¶ 14-16, 20-26.

These allegations provide the defendants with ample "notice of what the … claim[s] [are]

and the grounds upon which [they] rest[]."  *Twombly*, 550 U.S. at 555 (citation omitted).

### 1.    Secondary Meaning

Red Envelope argues that "Glassybaby must demonstrate that the design acquired

secondary meaning and association of the design exclusively with Glassybaby."  Dkt. 17

at 7.  While it is true that Glassybaby may ultimately have to demonstrate this secondary

meaning in order to prevail on its claim ***at trial***, there is no authority for the proposition

that it must do so simply to survive a motion to dismiss or satisfy Rule 8.  Indeed, quite

the opposite is true.  "Whether a claimed mark has obtained a secondary meaning is a

question of fact to be determined by a jury."  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d

975, 991 (9th Cir. 2006); *see also*, *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 876

(9th Cir. 1999) ("Proof of acquired distinctiveness is a difficult empirical inquiry which a

factfinder must undertake.").  Indeed, because the existence of secondary meaning may be

inferred from evidence of public exposure or intentional copying, "a plaintiff asserting

ownership of a common law trademark ***need not specifically allege the existence of***

***secondary meaning to survive a motion to dismiss***."  *Solid Host, NL v. Namecheap, Inc.*,

652 F. Supp. 2d 1092, 1107-08 (C.D. Cal. 2009) (emphasis added).

Glassybaby's complaint expressly alleges that its votive holders have received

"widespread coverage in print and television journalism, extensive marketing and

promotion, and appearances on national broadcast television and radio programs," and

that such media coverage and promotion have led to the distinctiveness (*i.e.*, "secondary

meaning") necessary to establish a protectable mark.  Dkt. 1, ¶ 11.  These factual

1   allegations are sufficient to state a claim for which relief can be granted.  Contrary to Red

2   Envelope's assertions, Glassybaby need not present the evidence that will ultimately

3   support the "difficult empirical inquiry" in which the factfinder must engage, just to get its

4   foot in the courthouse door.

5          Red Envelope goes on to cite the case of *In re Steelbuilding.com*, 415 F.3d 1293

6   (Fed. Cir. 2005), for the proposition that Glassybaby must "present … evidence …

7   demonstrating acquired distinctiveness."  Dkt. 17 at 9.  Specifically, Red Envelope argues

8   that Glassybaby must "provide[] … evidence" relating to length and exclusivity of its use

9   of its mark; the type, expense, and amount of advertising of its mark; or its efforts to

10  associate its mark with the source of the goods.  *Id.*  Red Envelope is wrong.  *In re*

11  *Steelbuilding.com* was an appeal from a decision of the Trademark Trial and Appeal

12  Board ("TTAB") refusing to register the mark in question.  The claimant in that case had

13  already filed two applications to register its alleged mark, including samples of advertising

14  and evidence of acquired distinctiveness.  *In re Steelbuilding.com*, 415 F.3d at 1296.  As

15  the court explained, "[t]his court reviews a holding of genericness or descriptiveness for

16  *substantial evidence*."  *In re Steelbuilding.com*, 415 F.3d at 1296 (emphasis added).  In

17  other words, the claimant had already received an opportunity to submit evidence, and the

18  appellate court was analyzing its sufficiency under a standard of review that required

19  "substantial evidence."

20         It goes without saying that a party must "provide[] … evidence" in order to

21  survive appellate review under a standard that demands "substantial evidence."  However,

22  the substantial evidence standard is not the standard that governs a motion to dismiss.  Nor

23  is this a preliminary injunction matter, where the Court must decide the likelihood that

24  Glassybaby will succeed on the merits.  Rather, to survive a motion to dismiss, a plaintiff

25  need only provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2),

26  which must include factual *allegations*—not evidence—making its claim for relief

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

plausible.  *See, e.g.*, *Solid Host*, 652 F. Supp. 2d at 1107 ("[Plaintiff] is, of course, not required to adduce 'evidence' to survive a motion to dismiss.").

Indeed, putting aside Red Envelope's spurious demands for evidence, it effectively concedes that Glassybaby's complaint includes sufficient factual allegations of secondary meaning.  Red Envelope identifies three factors as important to a showing of acquired distinctiveness: length of use of the mark, advertising of the mark, and association of the mark with a source of goods, such as through unsolicited media coverage.  Dkt. 17 at 9.  Glassybaby's complaint contains factual allegations that go to each of these factors.  Glassybaby alleges that it opened its first retail store in 2003 (length of use of mark) (Dkt. 1, ¶ 10); that it has benefited from extensive promotion, including on national broadcast television and radio (advertising of the mark) (*id.*, ¶ 11); and that it has received widespread coverage in print and television journalism (unsolicited media coverage associating mark with source of goods) (*id.*).  That Glassybaby has not provided evidence to support these factual allegations is a function of the early stage of these proceedings.  Glassybaby cannot be expected to submit evidence before defendants have even filed an answer—much less requested any sort of discovery—and the Federal Rules do not require that it do so.

### 2.    Genericness

Red Envelope further argues that Glassybaby's votive holders are generic and therefore unprotectable.  While Glassybaby strongly disagrees, Red Envelope is again putting the cart before the horse.  "[T]he ultimate test of genericness is how a [mark] is understood by the consuming public."  *Filipino Yellow Pages, Inc. v. Asian Jounral Publ'ns, Inc.*, 198 F.3d 1143, 1148 (9th Cir. 1999) (internal citations omitted).  Thus, "[w]hether a mark is generic is a question of fact," *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 840 (9th Cir. 2001), and is therefore inappropriate for resolution on a motion to dismiss.  *See, e.g.*, *The Pet Stop Prof'l Pet Sitting Serv., LLC v.*

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

*The Prof'l Pet-Sitting Serv., Inc.*, 2007 WL 1876517 at *8 (D. Or. June 26, 2007) ("**Whether a mark is generic is a question of fact which cannot be decided on a motion to dismiss**") (citation omitted; emphasis added); *powerlineman.com, LLC v. Kackson*, 2007 WL 3479562 at *3 (E.D. Cal. Nov. 15, 2007) (same); *cf. Official Airline Guides, Inc. v. Goss*, 856 F.2d 85, 87 (9th Cir. 1988) (holding that evidence of consumer perceptions is necessary for a determination of genericness). Glassybaby has alleged that its votive holders have a distinctive design that is understood by the consuming public as indicating high-quality, exclusive, handmade glass and a commitment to supporting worthy causes. Dkt 1, ¶P 11-12. Those factual allegations are sufficient.

While Red Envelope trumpets the initial decision of the United States Patent and Trademark Office (USPTO) refusing Glassybaby's application to register its design on the Principal Register, it is much ado about nothing. In the first place, the USPTO decision is not final, and in it the Examining Attorney provides Glassybaby with a suggestion for how it might amend the description of its mark to improve the likelihood of obtaining a favorable opinion. *See* Dkt. 17-1, Ex. D at 6. Furthermore, the letter states that Glassybaby "may respond to this refusal by submitting evidence and arguments in support of registration." *Id.* at 5. In other words, the USPTO is providing Glassybaby with an opportunity to submit evidence in support of its mark, which is exactly what Glassybaby is asking the Court to do as well.

Indeed, one of the most recognized product designs to date—that of the Apple iPod—was initially rejected by a USPTO Examining Attorney as lacking distinctiveness. Despite its initial rejection, the design of the iPod was ultimately listed on the Principal Register, following Apple's submission of additional information demonstrating that the iPod design had acquired "secondary meaning." *See* U.S. Trademark Application Serial No. 78,925,932 (filed July 10, 2006), *available at* http://tdr.uspto.gov/search.action?sn=78925932 (refer to Application dated July 10, 2006

(seeking registration of a design mark), and Office Action of Feb. 2, 2007 (refusing registration "because the proposed mark consists of a nondescriptive configuration of the goods that does not function as a trademark" but inviting Apple to "submit evidence that the applied-for mark has acquired distinctiveness by submitting examples of advertising and promotional materials, . . . consumer statements of recognition . . . and any other evidence . . . ."))[1]

Finally, the fact that a USPTO Examining Attorney is "the lowest administrative level" and the relative dearth of evidence submitted for an application to register a trademark as compared to a case in federal district court, mean that such an opinion letter is owed very little deference. *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970).

### 3.      Likelihood of Confusion

As with the other aspects of Red Envelope' analysis, its likelihood of confusion argument asks the Court to make factual determinations that are inappropriate for a motion to dismiss.  Likelihood of confusion is a question of fact.  *See Quicksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 759 (9th Cir. 2006).  Courts in this Circuit use the eight-factor *Sleekcraft* test, established in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), to determine whether a likelihood of confusion exists.  The test is "pliant," and the "relative importance of each individual factor will be case-specific." *Brookfield Commc'ns*, 174 F.3d at 1054.  Furthermore, the eight factors listed in *Sleekcraft* are not exhaustive, and "non-listed variables may often be quite important." *Id.*  Thus, the

---

[1] Glassybaby notes that, except for matters that may be judicially noticed, motions to dismiss for failure to state a claim must be based on the contents of the complaint itself, not extrinsic evidence such as a USPTO office action.  To the extent that the Court elects to consider the USPTO letter in ruling on Red Envelope's motion to dismiss, Glassybaby merely asks the Court to bear in mind that the letter represents an initial, not a final, determination, and that Glassybaby intends to supplement its USPTO application with the materials requested by the Examining Attorney.

PLAINTIFF'S OPPOSITION TO DEFENDANT
PROVIDE GIFTS' MOTION TO DISMISS
(2:11-cv-00380-MJP) – Page 13

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    question of likelihood of confusion ***"cannot be resolved on a motion to dismiss."*** *Cairns*

2    *v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1031 (C.D. Cal. 1998) (emphasis added).

3           Indeed, the need to collect evidence in order to determine likelihood of confusion

4    is apparent from the *Sleekcraft* factors themselves.  For example, the fourth *Sleekcraft*

5    factor is "evidence of actual confusion."  *Sleekcraft Boats*, 599 F.2d at 348.  In light of the

6    fact that at the motion to dismiss stage a plaintiff has not had the opportunity to submit

7    evidence of anything whatsoever, the Court has nothing on which to base a determination

8    of this factor.  Similarly, strength of plaintiff's mark, the similarity of the marks, and the

9    likelihood of expansion of the product lines—the first, third, and eighth factors—involve

10   detailed factual inquiries based on a comprehensive review of the available evidence that

11   are not amenable to resolution on a motion to dismiss.

12          Red Envelope argues that the third and seventh factors—similarity of marks and

13   defendants' intent in selecting it—are neutral because Glassybaby's mark is generic.

14   However, as described above, genericness is a question of fact that is inappropriate for

15   determination on a motion to dismiss.  Because genericness is a question of fact, Red

16   Envelope's argument that genericness has an impact on these factors—and thus the

17   likelihood of confusion analysis as a whole—implicitly concedes that likelihood of

18   confusion also requires factual determinations that cannot be made on a motion to dismiss.

19          Glassybaby's claims for trademark infringement under federal law and dilution

20   under both federal and state law, as well as its state law unfair competition claim based on

21   its trademark allegations, all involve complex questions of fact that cannot be resolved on

22   a motion to dismiss, without evidence and before discovery has taken place.  Indeed, Red

23   Envelope's repeated insistence that Glassybaby present evidence—while reflecting an

24   incorrect understanding of Rule 12(b)(6)—underscores the reason why dismissal is not

25   appropriate.  It is absolutely true that evidence is necessary in order to fully and finally

26

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

determine Glassybaby's claims, which is why Glassybaby must be allowed to conduct discovery and present evidence at trial in support of its well-pled factual allegations.

### C.   The Judicial Notice Requested by Red Envelope Is Inappropriate

Red Envelope's request for judicial notice is improper for at least two reasons. First, it improperly asks the Court to reject factual allegations contained in Glassybaby's complaint.  "[J]udicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint."  *CPI Advanced, Inc. v. Kong Byung Woo Comm. Ind., Co., Ltd.*, 135 Fed. Appx. 81, 83 (9th Cir. 2005).  Judicial notice may be taken only of facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  As the allegations in Glassybaby's complaint make clear, Glassybaby disputes Red Envelope's assertions that Glassybaby's product design lacks distinctive features capable of recognition by consumers as signifiers of source.  Therefore, the Court should deny Red Envelope' request for judicial notice.

Secondly, Red Envelope's request for judicial notice mistakes notice of the *existence* of a document with the *truth* of the factual statements made within that document.  Thus, while a court may take judicial notice of its own records, it cannot take judicial notice of the truth of the contents of all documents found therein.  *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).  While it may be proper for the Court to take judicial notice of the existence of the USPTO letter and websites that Red Envelope has submitted with its motion to dismiss, they cannot be used to establish the truth of the factual statements that they contain.  With no proper foundation, they remain inadmissible hearsay.  The website pages therefore cannot be used to establish the existence or extent of minor variations in color and shape between individual Glassybaby, and such differences certainly are not "generally known within the territorial jurisdiction" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" as required for judicial notice.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Fed. R. Evid. 201(b). Similarly, while the letter from the USPTO may be used to establish that the Examining Attorney holds a particular opinion, it cannot be used to establish the truth of the factual statements that it contains.

**D.    If the Court Determines that Glassybaby's Complaint Is Insufficient, It Should Provide Glassybaby with Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), leave to amend is appropriate "if it appears *at all possible* that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (emphasis added; citations omitted). Should the Court find that Glassybaby's complaint is in some way defective, Glassybaby should be given an opportunity to amend its complaint. There is no indication that, as a matter of law, Glassybaby is incapable of pleading valid claims for trademark infringement and dilution and for unfair competition.

## IV. CONCLUSION

For the reasons stated above, Glassybaby respectfully asks the Court to deny Defendant Red Envelope's Motion to Dismiss.

McNAUL EBEL NAWROT & HELGREN PLLC

By:   /s/ David A. Linehan
      Robert M. Sulkin, WSBA No. 15425
      David A. Linehan, WSBA No. 34281

Attorneys for Plaintiff

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

**CERTIFICATE OF SERVICE**

2          I certify that on May 2, 2011, I electronically filed the foregoing document with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the following persons:

5
           Alfred E. Donohue
6          Wilson Smith Cochran & Dickerson
           1700 Financial Center
7          1215 4th Avenue
           Seattle, WA  98161
8          Email:  donohue@wscd.com

9          David Michael Jacobi
           Wilson Smith Cochran & Dickerson
10         1700 Financial Center
           1215 4th Avenue
11         Seattle, WA  98161
           Email:  jacobi@wscd.com

12         Matthew J. Sekits
           Bullivant Houser Bailey (Seattle)
13         1601 5th Avenue, Suie 2300
           Seattle, WA  98101
14         Email:  matthew.sekits@bullivant.com

15         Troy D. Greenfield
           Bullivant Houser Bailey (Seattle)
16         1601 5th Avenue, Suie 2300
           Seattle, WA  98101
17         Email:  troy.greenfield@bullivant.com

18         Allen J. Baden
           Leibow McKean Baden PLLC
19         205 N.E. Northlake Way, Suite 210
           Seattle, WA  98105
20         Email:  abaden@lmb-law.com

21         Christine Watson
           Carr & Ferrell LLP
22         120 Constitution Drive
           Menlo Park, CA  94025
23         Email:  cwatson@carrferrell.com

24         Colby Brian Springer
           Carr & Ferrell LLP
25         120 Constitution Drive
           Menlo Park, CA  94025
26         Email:  cspringer@carrferrell.com

PLAINTIFF'S OPPOSITION TO DEFENDANT
PROVIDE GIFTS' MOTION TO DISMISS
(2:11-cv-00380-MJP) – Page 17

1        DATED this 2nd day of May, 2011.

2

3                           s/ David A. Linehan
                           David A. Linehan, WSBA No. 34281

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OPPOSITION TO DEFENDANT
PROVIDE GIFTS' MOTION TO DISMISS
(2:11-cv-00380-MJP) – Page 18

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816