The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLASSYBABY, LLC, a Washington limited liability company,<br><br>                                   Plaintiff,<br><br>       v.<br><br>PROVIDE GIFTS, INC. d/b/a RED ENVELOPE, a California corporation, and NORTHERN LIGHTS ENTERPRISES, INC., a New York corporation,<br><br>                                   Defendants. | No. 2:11-cv-00380<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT PROVIDE GIFTS, INC. d/b/a RED ENVELOPE<br><br>NOTE ON MOTION CALENDAR: <u>May 6, 2011</u><br><br>[ORAL ARGUMENT REQUESTED] |

Defendant Provide Gifts hereby submits this Reply Brief in support of its Motion to Dismiss Plaintiff Glassybaby's Complaint.

## I.     INTRODUCTION

Glassybaby's Opposition reflects a fundamental misunderstanding of trademark law and cannot cure the fatal deficiencies of its Complaint no matter how liberal a pleading standard might be applied.  Glassybaby fails to set forth a 'statement of circumstances, occurrences, and events in support of the claims presented.'  In fact, Glassybaby fails to identify or even describe its purported trademark, making the Complaint so plainly deficient

that it falls short of even a 'bare averment' of the relief to which Glassybaby incorrectly alleges it is entitled.

Glassybaby never earnestly addresses the simple fact that it has failed to identify and describe a trademark — <u>any trademark</u> — whether at common law or federally registered in which it purportedly has rights *and* that Provide Gifts purportedly diluted or infringed. Without this most basic prerequisite allegation, nor so much as a basic description of the alleged mark at issue, each and every one of Glassybaby's claims fail. Provide Gifts consequently requests that this Court grant the Motion to Dismiss.

## II.   ARGUMENT

**A. Without An Identification Of The Trademark At Issue, Provide Gifts Cannot Defend Against The Complaint.**

As Glassybaby unequivocally agrees, it cannot state a claim for trademark infringement <u>without identifying a trademark</u> in which it claims rights and that defendants' infringed. *See* Opp. at 8:10-14 (citing *Brookfield Commc'ns v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). While Glassybaby's Opposition repeats the law, the Complaint and Opposition both fail to identify any fact—within or outside of the pleading—that comports with that statement of law.

In its Opposition, Glassybaby points to but a single passing reference to its purported trademark (in paragraph 11 of the Complaint):

> The distinctive design of Glassybaby hand-blown glass containers constitutes a famous trademark that serves to distinguish Glassybaby from glass votive holders made by other manufacturers.

This single statement—according to Glassybaby—constitutes sufficient identification of the trademark at issue and against which Provide Gifts is expected to defend. But

Glassybaby fails to identify the mark and still fails to answer the fundamental question of "what is the "distinctive design?" Is the mark the product shape and, if so, what is that shape? Is the mark the product color and, if so, what is that color? Is the purported mark a distinctive design etched onto the glass? If so, what is that design? A vague, self-serving and general description of a "distinctive design" cannot be considered tantamount to the identification of common law or federally registered trademark rights. Nor can these allegations overcome the basic pleading hurdles set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Glassybaby does not dispute that it bears the obligation of pleading facts sufficient to give Provide Gifts fair notice of Glassybaby's claims and upon which grounds the claims rest. Opp., at 7; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cited by Glassybaby at Opp., at 7:1-7). Glassybaby fails to do so, however, as Provide Gifts is left asking a litany of questions, including 'what design,' 'what aspect of that design is distinctive,' and 'what containers'? That each container is unique—an admission directly made by Glassybaby (*See* Request for Judicial Notice, Exhs. A & C)—only further complicates the challenge Provide Gifts faces in defending against Glassybaby's defective claim. Said admission similarly undercuts Glassybaby's attempts to add any semblance of definition to its otherwise fuzzy concept of a trademark.

Glassybaby then mischaracterizes the actual issue before this Court. The issue is not, as suggested by Glassybaby, whether Glassybaby is entitled to offer evidence to support its claims. *See* Opp., at 7. The issue is whether Glassybaby's failure to plead *any* <u>facts</u> to adequately describe its claims and the grounds upon which they rest gives Provide Gifts fair notice of a claim for trademark infringement or dilution with respect to which Glassybaby

might later offer evidence.

Despite Glassybaby's suggestion to the contrary, it has not alleged any non-conclusory factual content.  Consequently this Court cannot draw any "reasonable inferences from that content" that are "plausibly suggestive of a claim entitling [Glassybaby] to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The bare assertion that Glassybaby owns the "distinctive design of Glassybaby hand-blown containers" is unquestionably conclusory and fails to "raise a reasonable expectation that discovery will reveal evidence" of the claim.  Opp., at 7:20-25 (citing *Twombly*, 550 U.S. at 556).

Nor does Glassybaby's opposition address its fatal failure to allege facts regarding the purported secondary meaning enjoyed by its phantom mark.  While *Solid Host, NL v. Namecheap, Inc.*, 652 F.Supp.2d 1092 (C.D. Cal. 2009), held that allegations of secondary meaning were not necessary for common law trademark claims, the holding was *limited* to common law trademark claims.  Moreover, Glassybaby has not alleged facts relating to evidence of public exposure or intentional copying.  Glassybaby instead makes yet another conclusory allegation that its purported mark has become famous and distinctive due to so-called "widespread" media coverage, which is insufficient to meet the requirements of Rule 8 taken in connection with *Twombly* and *Iqbal*.  *See* Complaint, at ¶11.

//

//

REPLY IN SUPPORT OF
MOTION TO DISMISS - 4
Case No. 2:11-cv-00380

**B. Glassybaby's Contentions That It Does Not Need To Allege Facts In Support of Likelihood of Confusion or Dilution Is Incorrect.**

Glassybaby's Opposition further mischaracterizes Provide Gifts' Motion to Dismiss in that Provide Gifts is not asking the Court to determine issues of *fact* regarding the *Sleekcraft* factors or dilution.  Nor is Provide Gifts arguing that Glassybaby must immediately come forward with evidence of confusion and dilution.  Glassybaby *is* required, however, to <u>allege</u> facts addressing the *Sleekcraft* factors in order to properly state a claim for trademark infringement that meets the pleading requirements of Rule 8(a) as interpreted in *Twombly* and *Iqbal*.  Glassybaby *is,* further, required to <u>allege</u> facts with respect to the alleged dilution of the yet-to-be-identified mark.  "To determine the sufficiency of [an] opposer's pleading . . . the owner of a famous mark [must] allege that the defendant's 'commercial use in commerce of a mark or trade name' began after the plaintiff's mark became famous." *Polaris Industries Inc. v. DC Comics*, 59 USPQ 1798 (TTAB 2000).  Glassybaby sets forth no such facts in the Complaint.

The Court need not make a present determination as to whether those facts (if they were even present) are true.  But Glassybaby must, at the least, make some factual allegations that might later be examined for truth.  In that regard, the vague description of some undefined "distinctive design" provided for in the Complaint is inadequate.  Without any clue as to a purportedly offending product sold in purported violation of an equally purported trademark to a certain purported group of customers through a purported distribution channel, Provide Gifts cannot defend against Glassybaby's so-called claims.

REPLY IN SUPPORT OF
MOTION TO DISMISS - 5
Case No. 2:11-cv-00380

## III. CONCLUSION

Provide Gifts reiterates its charge that there is nothing in the Glassybaby Complaint that would entitle Glassybaby to relief for enforcing an unidentified trademark right in a common, generic product design for a glass container for votives and candles. Provide Gifts, therefore, respectfully requests that the Court grant Provide Gifts' motion and dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 6th day of May 2011.

By /s/
Colby B. Springer, Adm. Pro Hac Vice
Christine S. Watson, Adm. Pro Hac Vice
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, CA  94025
Tel. (650) 812-3496

Allen J. Baden, WSBA # 41169
LEIBOW MCKEAN BADEN PLLC
205 NE Northlake Way, Suite 210
Seattle, WA 98105
Tel. (206) 453-4369
Fax. (206) 453-4338

Attorneys for Defendant

PROVIDE GIFTS, INC. dba
REDENVELOPE

**Certificate of Service**

I certify that on May 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

Robert M. Sulkin
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
RSulkin@mcnaul.com

David A. Linehan
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
DLinehan@mcnaul.com

Alfred E. Donohue
Wilson Smith Cochran & Dickerson
1700 Financial Center
1215 4th Avenue
Seattle, WA 98161
Email: donohue@wscd.com

David Michael Jacobi
Wilson Smith Cochran & Dickerson
1700 Financial Center
1215 4th Avenue
Seattle, WA 98161
Email: jacobi@wscd.com

s/Allen J. Baden
Allen J. Baden, WSBA # 41169
LEIBOW MCKEAN BADEN PLLC
205 NE Northlake Way, Suite 210
Seattle, WA 98105
Tel. (206) 453-4369
Fax. (206) 453-4338

Attorneys for Defendant

PROVIDE GIFTS, INC. dba REDENVELOPE