UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLASSYBABY, LLC, | CASE NO. C11-380 MJP |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| PROVIDE GIFTS, INC. d/b/a RED ENVELOPE, and NORTHERN LIGHTS ENTEPRISES, INC., | |
| Defendants. | |

This matter comes before the Court on Defendants' motions to dismiss. (Dkt. Nos. 17, 22.) Having reviewed the motions, the responses (Dkt. Nos. 23, 29), the replies (Dkt. Nos. 25, 31), and all related papers, the Court GRANTS the motions. The Court has reviewed Defendant Provide Gifts' Request for Judicial Notice, and finds the request MOOT.

**Background**

Glassybaby LLC alleges that it makes "fine, distinctive, hand-blown glass containers used as, among other things, votive candle holders." (Complaint ¶ 1.) It alleges "[t]he distinctive design of Glassybaby hand-blown glass containers constitutes a famous trademark

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS- 1

that serves to distinguish Glassybaby from glass votive holders made by other manufacturers." (Id. ¶ 11.) Glassybaby also alleges that "[t]he fame and distinctiveness of this trademark among the consuming public has been established by widespread coverage in print and television journalism, extensive marketing and promotion, and appearances on national broadcast television and radio programs." (Id.) Glassybaby alleges that Defendants import, market, and sell similar votive candleholders that are confusingly similar to Glassybaby's distinctive and protected design. (Id. ¶ 13.)

**Analysis**

A. <u>Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief.'" <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).

B. <u>Trademark Infringement</u>

Plaintiff pursues a trade dress claim related to its glass votive holders. To recover under the Lanham Act for infringement of trade dress, a plaintiff must prove (i) the trade dress features at issue are nonfunctional; (ii) the trade dress is inherently distinctive or has acquired distinctiveness through secondary meaning; and (iii) consumers are likely to confuse the plaintiff's product with the defendant's accused device. See <u>Disc Golf Ass'n, Inc. v. Champion</u>

Discs, Inc., 158 F.3d 1002, 1005 (9th Cir. 1998); see also 15 U.S.C. § 1125(a)(3) (with respect to "trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional.").

1. Functionality

Trade dress protection extends only to product features that are nonfunctional. A product feature is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." Disc Golf, 158 F.3d at 1006 (quotations omitted). A design may be functional in two ways: (i) de facto functional, meaning that the design at issue has a function (e.g., a bottle of any design holds a substance); and (ii) de jure functional, meaning that the product at issue has a particular shape or configuration because it works better that way. See Leatherman Tool Group, Inc. v. Cooper Indus., Inc., 199 F.3d 1009, 1012 (9th Cir. 1999). "[B]efore an overall product configuration can be recognized as a trademark, the entire design must be arbitrary or non de jure functional." Id. (quoting Textron, Inc. v. Int'l Trade Comm'n, 753 F.2d 1019, 1025 (Fed. Cir. 1985)).

"A trademark or trade dress is functional if it is essential to the product's use or purpose or if it affects the cost or quality of the article." Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 823 (9th Cir. 1993). To determine whether a product feature is functional, the Court is to consider several factors: (1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture. Id. No one factor is dispositive; all should be weighed collectively. Id. "[T]rade dress refers to the total image of a product and may include features such as size, shape,

color, color combinations, texture or graphics." Id. at 822 (internal quotation marks and citation omitted).

Defendants argue that the complaint fails to identify the mark or illustrate the so-called distinctive design. Plaintiff's complaint states that the hand-blown glass containers are distinctive, but it does not describe the design in any detail. (Compl. ¶ 1.) It is not possible to determine what the features of the votive candleholders are and whether they are functional or non-functional. This is not adequate to satisfy Rule 12(b)(6). See Iqbal, 129 S. Ct. at 1949. Plaintiff must plead with at least some detail what the purported design is and how it is non-functional. For this reason, the Court GRANTS the motion.

2. Distinctiveness

Defendants also argue that Plaintiff has failed to allege anything as to the distinctiveness of the products. The Court disagrees

"Whether a claimed mark has obtained a secondary meaning is a question of fact to be determined by a jury." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 991 (9th Cir. 2006). Here, Plaintiff has alleged that the votive holders have gained distinctiveness through "widespread coverage in print and television journalism, extensive marketing and promotion, and appearances on national broadcast television and radio programs." (Compl. ¶ 11.) This is sufficient to satisfy this element of the trademark claim for purposes of surviving Defendants' motions to dismiss. Whether the votive holders are distinctive involves a question of fact to be determined by the jury. The Court does not grant dismissal on this ground.

3. Confusion

Defendants also move to dismiss the complaint for failure to allege facts as to confusion of consumers. This is a question of fact that cannot be determined at the dismissal stage. See

Quicksilver, Inc. v. Kymsta Corp., 466 F.3d 749, 759 (9th Cir. 2006). Plaintiff's complaint adequately alleges confusion, an issue of fact for the jury to determine. The Court does not grant dismissal on this ground.

C. Dilution

Defendants seek dismissal of Plaintiff's federal and state dilution claims. Because Plaintiff has not identified and described its design and mark, the Court dismisses the claims.

"In order to prove a violation [of trademark dilution], a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2007) (citing 15 U.S.C. § 1125(c)). To determine whether a mark is distinctive or famous, the court looks to eight factors the Ninth Circuit set forth in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979). See Brookfield Comm'ns, Inc. v. West Coast Entmn't Corp., 174 F.3d 1036, 1054 (9th Cir. 1999). One of the factors is the likelihood of confusion, which is a question of fact. Cairns v. Frnklin Mint Co., 24 F. Supp. 2d 1013, 1031 (C.D. Cal. 1998). Similarly, distinctiveness is a question of fact. Miller, 454 F.3d at 991.

As explained above, Plaintiff has failed to describe the design and mark in question with adequate detail to satisfy Rule 12(b)(6). The Court therefore GRANTS the motion to dismiss on these claims. The Court separately notes that questions as to confusions and distinctiveness are adequately pleaded and cannot be resolved on a motion to dismiss. Miller, 454 F.3d at 991.

D. Unfair Competition

Defendants move to dismiss Plaintiff's state law CPA claim the grounds that Plaintiff has not alleged a valid trademark claim. Plaintiff provides no opposition. As pleaded, Plaintiff's

unfair competition claim turns on the existence of a valid trademark infringement or dilution claims. (Compl. ¶¶ 27-28.) Because Plaintiff's trademark claims are inadequately pleaded, the Court GRANTS the motion and dismisses this claim.

E.     Request for Judicial Notice

Defendant Provide Gifts asks the Court to take notice of filings with the Patent and Trademark Office and several printouts from the Glassybaby website. The Court does not find it necessary to take notice of these items in order to decide the pending motions. The Court finds the request MOOT and renders its decision on the pleadings alone.

F.     Leave to Amend

Plaintiff requests leave to amend its complaint. The Court finds leave properly granted under Rule 15(a)(2), given that it believes it possible that Plaintiff can correct the deficiencies in its complaint. The Court GRANTS leave to amend. Plaintiff must file any amended complaint within 30 days of entry of this order.

**Conclusion**

The Court GRANTS Defendants' motions to dismiss as to Plaintiff's trademark infringement and dilution claims, as well as Plaintiff's CPA claim. The Court GRANTS Plaintiff leave to file an amended complaint. Plaintiff must file any amended complaint within 30 days of entry of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of June, 2011.

Marsha J. Pechman
United States District Judge