1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   GLASSYBABY, LLC,                          CASE NO. C11-380 MJP

11                     Plaintiff,              ORDER GRANTING
                                              DEFENDANT'S MOTION FOR
12          v.                                SUMMARY JUDGMENT

13   PROVIDE GIFTS, INC., d/b/a RED
     ENVELOPE and NORTHERN LIGHTS
14   ENTERPRISES, INC.,

15                     Defendants.

16

17          This matter comes before the Court on Defendant Northern Lights Enterprises, Inc.'s

18   ("Northern Lights") motion for summary judgment.  (Dkt. No. 43.)  Having reviewed the

19   motion, the opposition (Dkt. No. 47), the reply (Dkt. No. 50), the surreply (Dkt. No. 55),

20   reviewed the physical materials submitted to the Court, and all related papers, the Court

21   GRANTS the motion and DISMISSES this action.

22   \\

23   \\

24   \\

**Background**

Plaintiff Glassybaby, LLC makes hand-blown, glass containers that are used, among other things, as votive candle holders.  (Amended Complaint at ¶ 1.)  Glassybaby has applied for trademark protection for its product design which it describes as follows:

> The mark consists of a three-dimensional configuration of a round glass container that is approximately 3.75 inches tall, having sides that curve convexly from the base to the rim, a maximum width of approximately 2.5 inches, a wide top opening, and a thick, clear base.

(Am. Compl. ¶ 11.)  Glassybaby alleges that Northern Lights produces glass votives that infringe on and dilute its unregistered trade dress.  Glassybaby pursues two causes of action under the Lanham Act (infringement and dilution), one cause of action under state law for trademark dilution, and one cause of action under the Washington Consumer Protection Act ("CPA").

The Court previously granted Defendants' motions to dismiss, finding that Glassybaby failed to describe the trade dress at issue with sufficient detail to state a claim.  (Dkt. No. 32 at 4.)  The Patent and Trademark Office ("PTO") also denied Glassybaby's application for trademark registration, finding the claimed mark to be generic and incapable of being trademarked.   Glassybaby then revised its trademark application and filed an amended complaint.  (See Dkt. No. 44-2; Am. Compl.)  Glassybaby now identifies the trade dress with greater specificity, as set out above in the block quote.  (Am. Compl. ¶ 11.)  It has also amended its application to the PTO, providing this same description of its mark as it has for the amended complaint.  (Dkt. No. 44-2 at 4.)  The PTO has concluded that Glassybaby has shown its mark is not generic because the dimensions of the votive differ from those of other candle holders, such that the mark may be capable of acquiring distinctiveness.  (Dkt. No. 44-2 at 4.)  Despite finding

1  the mark is not generic, the PTO denied registration for lack of evidence that the mark has

2  acquired secondary meaning.  (Id. at 5.)

3                                    **Analysis**

4  A.       Trademark Infringement Standard

5          In a trade dress infringement action under § 43(a) of the Lanham Act involving an

6  unregistered mark, the plaintiff must show that its unregistered mark is (1) distinctive, (2) non-

7  functional, and (3) there is a likelihood of confusion with its mark and the defendant's goods.

8  Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992).  The first and dispositive

9  inquiry here is whether the Glassybaby mark is distinctive.  "Marks are often classified in

10 categories of generally increasing distinctiveness; following the classic formulation set out by

11 Judge Friendly, they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5)

12 fanciful."  Id. at 768.  The last three types are inherently distinctive.  Id.  A trade dress that is

13 generic cannot be registered as a trademark.  Id.  Descriptive marks, including product design

14 marks, are only protected if they have acquired secondary meaning.  Id.  "Where, as here, an

15 allegedly valid trademark has not been registered with the PTO, the plaintiff bears the burden of

16 persuasion that the mark is not generic."  Filipino Yellow Pages v. Asian Journal Publications,

17 Inc., 198 F.3d 1143, 1146 (9th Cir. 1999).

18 B.       The Glassybaby Mark is Generic

19          In determining whether a trade dress is generic, the Court has to consider the entire

20 mark.  If the trade dress is too broad or generalized, the product design is generic.  "A generic

21 term, by definition, identifies a type of product, not a particular source."  In re

22 Steelbuilding.com, 415 F.3d 1293, 1296 (Fed. Cir. 2005).  "The question of genericness is often

23 answered by reference to the 'who-are-you/what-are-you' test: a valid trademark answers the

24

1    former question, whereas a generic product name or adjective answers the latter."  Rudolph Int'l

2    Inc. v. Realys, Inc., 482 F.3d 1195, 1198 (9th Cir. 2007).  "A generic term is one that refers, or

3    has come to be understood as referring, to the genus of which the particular product or service is

4    a species.  It cannot become a trademark under any circumstances."  Filipino Yellow, 198 F.3d at

5    1147.  "[I]f the primary significance of the trademark is to describe the type of product rather

6    than the producer, the trademark is a generic term and cannot be a valid trademark."  Id.

7    (emphasis in original).

8         In ruling on Defendants' motions to dismiss, the Court held that Glassybaby's allegations

9    that the "votive holders have gained distinctiveness . . . [were] sufficient to satisfy this element

10   of the trademark claim for purposes of surviving Defendants' motions to dismiss." (Dkt. No. 32

11   at 4.)  The Court stated that "[w]hether the votive holders are distinctive involves a question of

12   fact to be determined by the jury."  (Id.)  The Court did not address the question of whether the

13   trade dress is or is not generic, and the amended complaint changes the trade dress at issue.  The

14   question of genericness and secondary meaning are indeed two distinct issues; if the object is

15   generic, the question of secondary meaning is irrelevant.  See Two Pesos, 505 U.S. at 768.  The

16   prior order does not foreclose the determination of whether the trade dress is generic, an issue the

17   Court now squarely addresses.

18        Glassybaby's trade dress is generic and incapable of trademark protection.  The mark

19   describes the rough dimensions of a round glass container with convex sides, a thick, clear base,

20   and a wide top.  The mark only answers the question "what-are-you" not "who-are-you."  See

21   Rudolph, 482 F.3d at 1198.  It gives no indication of the source and merely describes one

22   particular species of the genus of round containers.  See Filipino Yellow Pages, 198 F.3d at

23   1147.  Permitting trade dress protection for this item would also unnecessarily grant Glassybaby

24

1  protection over a broad number and types of small, round containers, which runs contrary to the

2  principles behind extending Lanham Act protection to trade dress.  See Wal-Mart Stores, Inc. v.

3  Samara Bros., Inc., 529 U.S. 205, 213 (2000).  This is similar to the outcome in a case before the

4  Second Circuit, relied on by Defendants: Jeffrey Milstein, Inc v. Gregor, Lawlor, Roth, Inc., 58

5  F.3d 27 (2d. Cir. 1995).  The court there found die-cut greeting cards cut in the outline of color

6  photographs of an animal, person, or object were generic because the product design only

7  described a species of a genus, not a source-identifying trade dress.  Id. at 33.  Here, with even

8  less concrete detail of the product, nothing about the unregistered trademark identifies the source

9  of what is simply a type of round, glass container approximately 3.75 inches high and 2.5 inches

10  wide.  (Dkt. No. 33 at 3-4.)  This is simply a species of the genus of round containers and is

11  generic as a matter of law.

12       Glassybaby has not raised any dispute of material fact showing that its trade dress is not

13  generic.  See Filipino Yellow, 198 F.3d at 1146 (the owner of an unregistered trade dress bears

14  "the burden of persuasion that the mark is not generic").  Glassybaby primarily relies on the

15  PTO's finding that the unregistered trade dress is not generic.  Yet, nowhere has Glassybaby

16  explained why the Court is bound by that determination.  At best, in a direct appeal from the

17  PTO, which this is not, the Court reviews the PTO's findings for substantial evidence.  See In re

18  Steelbuilding.com, 415 F.3d at 1296.  Here, the PTO's finding is not supported by substantial

19  evidence and fails to consider or apply the relevant authority.  The PTO merely concluded that

20  "products that combine the curved sides and thick, clear base with the specified dimensions

21  [presented by Glassybaby] do not appear to be so commonly available for sale as to support a

22  finding that the mark is generic."  (Dkt. No. 44-2 at 4.)  The PTO does not strictly apply the legal

23  test for genericness or explain why the number of similarly sized and shaped votives impacts the

24

1   determination of genericness. The PTO's conclusion is at odds with Ninth Circuit law.  A trade

2   dress for a product design that answers only the "what-is-it" question is generic.  See Rudolph,

3   482 F.3d at 1198.  The Court is convinced Glassybaby cannot pass this test with its trade dress,

4   regardless of whether there abundant or few similarly sized and shaped class containers.  The

5   PTO's finding does not suffice to raise a genuine issue of fact.

6       The Court GRANTS Northern Lights' motion for summary judgment and DISMISSES

7   Glassybaby's trademark infringement claim for lack of a valid and enforceable mark.  There are

8   no genuine issues of material fact that preclude the Court from finding the trade dress is generic.

9   The Court does not reach the questions of whether the mark has acquired or could acquire

10  secondary meaning, whether there is sufficient evidence of infringement, or whether the dress is

11  nonfunctional.

12  C.    Trademark Dilution and CPA Claims Fail

13      In order to assert a trademark dilution claim under federal or state law, Glassybaby must

14  possess a valid and enforceable mark, whether it is registered or unregistered.  See RCW 19.77;

15  15 U.S.C § 1125(c).  As explained above, Glassybaby's purported trade dress is generic and

16  incapable of trademark protection.  The Court thus GRANTS Northern Lights' motion and

17  DISMISSES these claims.

18      Similarly, without a valid trademark, Glassybaby's CPA claim fails.  As pleaded, this

19  claim turns on whether Northern Lights has created confusion by imitating Glassybaby's

20  protected trade dress.  Without a valid mark, the claim has no merit.  Glassybaby has only argued

21  that Northern Lights' argument involves the "same, flawed analysis of likelihood of confusion

22  and acquired distinctiveness."  (Dkt. No. 47 at 23.)  The Court need not reach those issues if

23  there is no enforceable mark.  Glassybaby has provided no argument permitting the Court to

24

1 conclude that Northern Lights' sale of votives violates the CPA.  The Court GRANTS the

2 motion on this issue and DISMISSES the CPA claim.

3 D.    Motion to Strike

4        Glassybaby asks the Court to strike the overlength and improperly formatted portions of

5 Northern Lights' reply brief.  Glassybaby raises several valid points, as Northern Lights' reply

6 brief contains three avoidable flaws.  First, Northern has ignored the Local Rules and filed a

7 thirteen-page reply brief, when it may only file a twelve-page brief.  Local Rule CR 7(e)(3).

8 Second, it has attempted to avoid the page limitation by putting substantive briefing into a single-

9 spaced numbered "outline," when all argument (except for block quotes and footnotes) must be

10 double spaced.  Local Rule CR 10(e)(1).  Third, Northern Lights has used an excessive number

11 of footnotes to provide argument that should be in the body of the brief if it has any merit.  As a

12 warning to all parties, the Court strongly urges parties to avoid the use of footnotes, particularly

13 for any substantive purpose.  The Court is not in the practice of reading lengthy footnotes where

14 they are used merely as a way to avoid page limitations.  If it is worth saying, it should be said in

15 the body of the brief.  In light of these defects, the Court does not consider or rely on these

16 portions of the reply brief: (1) any of the footnotes, (2) any of the materials improperly set out in

17 single-spaced format; and (3) anything beyond the twelfth page.  The Court thus GRANTS

18 Glassybaby's motion to strike on this issue.

19        Glassybaby also asks the Court to strike any argument regarding functionality, asserting

20 that this was raised for the first time in reply.  The Court DENIES this motion as MOOT because

21 it has not reached the issue in deciding the motion for summary judgment.

22 \\

23 \\

24

1

**Conclusion**

2          The Court GRANTS Defendant Northern Lights' motion for summary judgment and

3  DISMISSES this action in its entirety.  Plaintiff Glassybaby has failed to raise a genuine issue of

4  material fact to preclude the Court from finding that the purported trade dress is generic as a

5  matter of law.  Without a valid and enforceable mark, Glassybaby's trademark infringement and

6  dilution and CPA claims cannot be maintained.  The Court therefore DISMISSES these claims

7  with prejudice.  The Court also GRANTS in part and DENIES in part as MOOT, Glassybaby's

8  motion to strike.  The Court does not consider the portions of Defendant's reply brief that are

9  improperly formatted to avoid the page limitations or any arguments raised for the first time in

10  the reply.

11          The clerk is ordered to provide copies of this order to all counsel.

12          Dated this 30th day of September, 2011.

13

14

15

Marsha J. Pechman
16                                                              United States District Judge

17

18

19

20

21

22

23

24